## Rynd, for use, &c., *versus* Bakewell and Reed.

1. The variance is fatal, where a mechanic's lien is filed "for materials furnished for the erection and construction of buildings," and the evidence shows they were for "repairs."

2. The scire facias upon a mechanic's lien answers as a statement of claim and takes the place of a declaration.

October 9th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 201.

Scire facias sur mechanic's lien issued by B. F. Rynd, for use of J. T. Stockdale, against Benjamin Bakewell, owner, and William Reed, contractor.

The affidavit of claim was "for shingles furnished in and about the repairing or alteration of the buildings as described in said lien," and in the affidavit of defence, it was averred, "that the houses mentioned in said lien were constructed over twenty years ago, and not about the time of furnishing the material." At the trial, before Bailey, A. L. J., the evidence of plaintiff showing that the materials were furnished for repairs, the defendant moved for a nonsuit, on the ground,

1. That there is a fatal variance between the claim and scire facias in this case and the evidence offered to sustain it. The claim is for materials furnished for and about the erection and construction of certain buildings; the proof, so far as it goes, is that materials were furnished for repairs.

2. That more than six months having elapsed since the time the materials are alleged to have been furnished, the claim filed cannot be amended, and the plaintiff must stand on the claim as filed, and has failed to prove that any materials were furnished for or about the erection or construction of the building mentioned in the scire facias.

The court granted a nonsuit and subsequently refused to take it off, which action of the court was assigned for error by the plaintiff, who took this writ.

*R. A. Balph,* for plaintiff in error.—It is not necessary to state how the material was used, whether as a repair or otherwise; nor

[Rynd *v.* Bakewell.

need the day be proved as alleged: Pittsburgh's Appeal, 20 P. F. Smith 142; Hillary *v.* Pollock, 1 Harris 186; McCay's Appeal, 1 Wright 125; Haviland *v.* Pratt, 1 Phila. R. 364; Dreisbach *v.* Keeler, 2 Barr 77; Fourth Baptist Church *v.* Trout, 4 Casey 153. Unless the claim is totally defective in giving information to those making searches for encumbrances, the question is for the jury on the scire facias: McClintock *et al. v.* Rush, 13 P. F. Smith 203; Ewing *v.* Barras, 4 W. & S. 467.

*Malcolm Hay*, for defendants in error.

The judgment of the Supreme Court, was entered October 14th 1878,

PER CURIAM.—The evidence did not support the claim, which was for erection and construction, and not for repairs. No amendment had been made, if indeed any could be made, after the expiration of the six months allowed for filing the claim. The scire facias answers as a statement of claim, and takes the place of a declaration, and being for erection and construction presented a claim for *original* erection. The evidence for materials furnished was for the *repairs* of a house already built. It is evident the *allegata* and *probata* did not agree; *non constat* that the plaintiff had not a claim for each—one for construction and the other for repair.

Judgment affirmed.